**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGELA E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. |

# COMPLAINT

NOW COMES Plaintiff, ANGELA E. JOHNSON ("Plaintiff"), by and through counsel, and files this Complaint against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), alleging as follows:

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## Parties

2. Plaintiff is a natural person residing in Burnet, Burnet County, Texas.

3. At all times relevant, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a consumer reporting agency headquartered in Atlanta, Georgia and conducting business in Texas.

5. Defendant EQUIFAX is a “person” as defined by 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

7. Defendant EQUIFAX furnishes consumer reports to third parties for monetary compensation.

8. Defendant EQUIFAX is a “consumer reporting agency” (“CRA”) as defined by 15 U.S.C. § 1681a(f).

9. At all times relevant, EQUIFAX acted through its agents, employees, officers, representatives, successors, and assigns.

**Jurisdiction and Venue**

10. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because EQUIFAX is headquartered within this District and a substantial part of the events or omissions giving rise to Plaintiff’s claims occurred within this District.

## Factual Allegations

12. Plaintiff is a consumer about whom EQUIFAX maintained and reported inaccurate or materially misleading credit information concerning the account described below ("Account").

13. The FCRA requires a consumer reporting agency, when preparing a consumer report, to follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b).

14. Plaintiff maintained a Citibank, N.A./Best Buy credit-card account ending in 8549 (the "Account").

15. On May 2, 2025, ARS National Services Inc., acting on behalf of Citibank, N.A., confirmed in writing an arrangement under which Plaintiff would pay $1,816.00 to resolve the Account, which then had a stated balance of $4,033.41.

16. The written arrangement required five payments of $50.00, followed by five payments of $313.20, for a total of $1,816.00, with the final scheduled payment due February 25, 2026.

17. Plaintiff's payment records reflect ten cleared payments corresponding to the written arrangement—five payments of $50.00 and five payments of $313.20 between May 23, 2025 and February 24, 2026, totaling exactly $1,816.00.

18. Plaintiff thereby completed all payments required by the written arrangement no later than February 24, 2026.

19. As of July 29, 2026, EQUIFAX was reporting the Account with a $2,217.00 balance and a charge-off status.

20. On July 29, 2026, Plaintiff sent a written dispute to EQUIFAX specifically identifying the Account ending in 8549 and disputing its current status, payment history, and reported $2,217.00 balance.

21. Plaintiff advised EQUIFAX that she had settled the Account with CBNA/Best Buy and had made all payments required to fulfill the settlement.

22. Plaintiff included supporting documentation with her dispute, requested that EQUIFAX research the matter, and asked EQUIFAX to update its records accordingly.

23. After the dispute period, Plaintiff obtained another consumer credit report.

24. The post-dispute report continued to reflect EQUIFAX reporting the Account with a $2,217.00 balance, a $2,217.00 amount past due, an open account status, and a current payment status of collection/charge-off.

25. Plaintiff does not challenge the historical fact that the Account had been charged off. Plaintiff challenges EQUIFAX'S continued reporting of a present $2,217.00 balance, past-due amount, open account status, and current delinquency after Plaintiff completed the settlement payments.

26. The continued reporting of a present $2,217.00 balance, past-due amount,

and open status was inaccurate or materially misleading because Plaintiff had paid the full $1,816.00 required by the written settlement arrangement.

27. The disputed balance and current delinquency were objectively and readily verifiable from the written settlement arrangement and cleared-payment information supplied by Plaintiff and/or available from the furnisher during EQUIFAX'S reinvestigation.

28. EQUIFAX failed to reasonably review and consider the relevant information supplied by Plaintiff and failed to correct, delete, or modify information that was inaccurate, incomplete, materially misleading, or could not be verified.

29. EQUIFAX'S continued reporting of an outstanding and past-due balance after Plaintiff had completed the payments required to resolve the Account caused Plaintiff actual harm, including frustration, anger, anxiety, and distress over the continued inaccurate reporting of a debt she had already resolved.

30. Plaintiff experienced worry and fear concerning the effect the inaccurate reporting could have on her creditworthiness and her ability to obtain credit, and the continued reporting likewise contributed to her emotional distress.

31. Plaintiff also expended time and effort attempting to correct the inaccurate reporting, including reviewing her credit information, preparing and submitting her dispute, providing supporting documentation, and thereafter reviewing her credit information to determine whether EQUIFAX had corrected the disputed

information.

32. EQUIFAX'S continued reporting impaired Plaintiff's creditworthiness and caused additional distress and concern regarding her ability to obtain credit on favorable terms.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

33. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

34. EQUIFAX prepared and furnished consumer reports concerning Plaintiff that contained inaccurate or materially misleading information regarding the Account, including the reported $2,217.00 balance, past-due amount, and open status.

35. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in preparing consumer reports concerning Plaintiff.

36. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above, including emotional distress and the expenditure of time and effort attempting to correct the inaccurate reporting.

37. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover all damages and other relief permitted by

15 U.S.C. §§ 1681n and/or 1681o.

**COUNT II – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

39. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

40. After Plaintiff submitted her specific dispute and supporting information concerning the Account, EQUIFAX failed to correct or delete the inaccurate or materially misleading $2,217.00 balance, $2,217.00 past-due amount, and open status.

41. EQUIFAX violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, failing to review and consider all relevant information submitted by Plaintiff, and failing to delete or modify information that was inaccurate, incomplete, or could not be verified.

42. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above, including emotional distress and the expenditure of time and effort attempting to correct the inaccurate reporting.

43. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant EQUIFAX Information Services LLC, and that Plaintiff be awarded:

a) Actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and statutory damages as permitted by 15 U.S.C. § 1681n(a)(1)(A);

b) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for any willful violation;

c) Costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2); and

d) Such other and further legal or equitable relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 13, 2026

By: *<u>/s/ Heather Hicks</u>*
Heather Hicks
Colexit Law, PLLC
8735 Dunwoody Place # 12678
Atlanta, GA 30350
P. 480.944.0994
HHicks@colexit.com

Attorney for Plaintiff,
ANGELA E. JOHNSON